UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY,

                                 Plaintiff,

     -against-

KRZYSZTOF MARS and DOROTA MARS, Individually
and as the parents and natural guardians of M.M., an
infant, and WILLIE MOORE and URSULA MOORE,
Individually and as the parents and natural guardians of
D.W.M and D.D.M., infants,

                                 Defendants.
-----------------------------------------------------------------X

Docket No.: 20-cv-1158

**COMPLAINT**

      Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate"), by and through its attorneys, Lewis Johs Avallone Aviles, LLP, alleges upon information and belief as follows:

### NATURE OF THE ACTION

      1.     This is a declaratory judgment action. Allstate seeks a declaration that no insurance coverage is available under an Allstate House and Home Policy issued to Krzysztof and Dorota Mars with respect to claims arising out of an incident involving their minor son, M.M.

### THE PARTIES

      2.     At all times hereinafter mentioned, Plaintiff, Allstate, was and is an insurance company duly organized and existing under and by virtue of the laws of the State of Illinois, and duly authorized to issue policies of insurance within the State of New York, including the policy at issue herein.

      3.     At all times hereinafter mentioned, Defendant, Krzysztof Mars, was and is a natural person over the age of eighteen (18) years, residing in the State of New York.

4. At all times hereinafter mentioned, Defendant, Dorota Mars, was and is a natural person over the age of eighteen (18) years, residing in the State of New York.

5. At all times hereinafter mentioned, Defendant, M.M., was and is an infant under the age of eighteen (18) years, residing in the State of New York.

6. At all times hereinafter mentioned, Defendants, Krzysztof Mars and Dorota Mars were the parents and natural guardians of M.M.

7. At all times hereinafter mentioned, Defendant, Willie Moore, was and is a natural person over the age of eighteen (18) years, residing in the State of New York.

8. At all times hereinafter mentioned, Defendant, Ursula Moore, was and is a natural person over the age of eighteen (18) years, residing in the State of New York.

9. At all times hereinafter mentioned, Defendant, D.W.M., was and is an infant under the age of eighteen (18) years, residing in the State of New York.

10. At all times hereinafter mentioned, Defendants, Willie Moore and Ursula Moore were the parents and natural guardians of D.W.M.

11. At all times hereinafter mentioned, Defendant, D.D.M., was and is an infant under the age of eighteen (18) years, residing in the State of New York.

12. At all times hereinafter mentioned, Defendants, Willie Moore and Ursula Moore were the parents and natural guardians of D.D.M.

### JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 as Plaintiff is a citizen of Illinois, Defendants are citizens of New York and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

14. Venue in this Court is proper pursuant to 28 U.S.C. §1391(1) as Defendants reside in this District.

## THE UNDERLYING ACTION

15. Willie Moore and Ursula Moore on behalf of themselves and their children D.W.M. and D.D.M. initiated a lawsuit in the United States District Court for the Eastern District of New York under Docket Number 2:18-cv-03099-DRH-GRB (hereinafter "Underlying Action") for damages allegedly sustained as a result of cyber-bullying by certain minor Defendants, including M.M. A copy of the Amended Complaint in the Underlying Action is annexed hereto as **Exhibit "A."** Krzysztof Mars and Dorota Mars, as well as their son, M.M. are defendants in the Underlying Action

16. The Complaint alleges that certain minor Defendants, including M.M., sent racist and threatening photographs to minor Plaintiff, D.W.M on a website called The Discord, while all four were students at St. Mary School. *See*, Ex. A.

17. The Complaint further alleges that the bullying was reported to the school, but the school took no steps to intervene. *See*, Ex. A.

18. The Plaintiffs then commenced the Underlying Action alleging violations of 42 U.S.C. §§1981, 1983, 1985, 1986, 2000-D and 2000-A, as well as for negligence, intentional infliction of emotional distress, prima facie tort, breach of contract, and discrimination. *See*, Ex. A.

19. Allstate has been defending its insureds, Krzysztof Mars and Dorota Mars, as well as their son, M.M. in the Underlying Action pursuant to a partial denial and disclaimer. A copy of the denial and disclaimer is attached as **Exhibit "B."**

3

20. The Defendants moved to dismiss the Underlying Action and by Order dated August 27, 2019, the Honorable Denis R. Hurley dismissed all of the causes of action against the parents of the minor Defendants individually and all of the causes of action against the minor defendants except for the cause of action for intentional infliction of emotional distress. A copy of Judge Hurley's Order is annexed hereto as **Exhibit "B."**

21. All causes of action against Krzysztof Mars and Dorota Mars have been dismissed.

22. The only remaining cause of action against M.M. is the cause of action for intentional infliction of emotional distress.

23. There is no coverage under the Allstate Policy for intentional infliction of emotional distress.

24. After the Order from Judge Hurley was received by Allstate, a second denial and disclaimer letter was issued to the insureds explaining that there was no coverage under the Allstate policy for the remaining cause of action against M.M. A copy of such letter is annexed hereto as **Exhibit "C."**

25. Allstate is now seeking a declaration that there is no coverage under the Allstate House and Home Policy issued to Krzysztof and Dorota Mars for the remaining cause of action against M.M. for intentional infliction of emotional distress.

## THE ALLSTATE POLICY

26. Allstate issued an Allstate House and Home Policy (Form AVP117) with policy number ending in 3922 to Krzysztof Mars and Dorota Mars (hereinafter the "Allstate Policy"). A certified copy of the policy is annexed hereto as **Exhibit "D."**

27. The Allstate Policy was in full force and effect at all times mentioned herein.

28. The Allstate Policy includes the following language relevant to the instant matter:

4

**Definitions Used In This Policy**
Throughout this policy, when the following words appear in bold type, they are defined as follows:
1. **Bodily injury** – means physical harm to the body, including sickness or disease, and resulting death, except that **bodily injury** does not include:
    a) any venereal disease;
    b) Herpes;
    c) Acquired Immune Deficiency Syndrome (AIDS);
    d) AIDS Related Complex (ARC);
    e) Human Immunodeficiency Virus (HIV);

    or any resulting symptom, effect, condition, disease or illness related to a) through e) listed above.

11. **Occurrence** – means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.

12. **Property damage** – means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

    \*   \*   \*

**Family Liability Protection – Coverage X**

**Losses We Cover Under Coverage X:**
Subject to the terms, conditions and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

**Losses We Do Not Cover Under Coverage X:**
1. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions

of, an **insured person**.

This exclusion applies regardless of whether such **insured person** is actually charged with, or convicted of, a crime.

   \*  \*  \*

See, Ex. D.

## AS AND FOR A FIRST CAUSE OF ACTION

29. Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

30. The Allstate Policy only provides coverage for liability arising out of an "occurrence."

31. An "occurrence" is defined as an accident "resulting in **bodily injury** or **property damage**."

32. The allegations of intentional infliction of emotional distress do not constitute and "accident."

33. The allegations of intentional infliction of emotional distress do not constitute "bodily injury" or "property damage" as those terms are defined in the Allstate Policy.

34. The allegations of intentional infliction of emotional distress do not allege an "occurrence."

35. There is no coverage for the defense and indemnification of M.M. for the allegations of intentional infliction of emotional distress in the Complaint in the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION

36. Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

37. The Allstate Policy contains an intentional acts exclusion which specifically bars coverage for liability arising out of the intentional acts of an insured person.

38. The claim for intentional infliction of emotional distress in the Underlying Action alleges only intentional acts on the part of the Defendants.

39. The claim for intentional infliction of emotional distress does not allege an accident.

40. The intentional acts exclusion applies to bar coverage for the defense and indemnification of M.M. for the allegations of intentional infliction of emotional distress in the Complaint in the Underlying Action.

## AS AND FOR A THIRD CAUSE OF ACTION

41. Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42. Plaintiffs in the Underlying Action demand punitive damages against the Defendants.

43. New York law is clear that it is against public policy to provide insurance coverage for punitive damages.

44. There is no coverage under the Allstate Policy for the claims for punitive damages against M.M.

45. Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the contract of insurance, Allstate has no duty to defend M.M. in the Underlying Action.

46. Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the contract of insurance, Allstate has no duty to indemnify M.M. in the Underlying Action.

47. The Plaintiff has no adequate remedy at law.

48. There is an actual dispute between the parties with respect to the rights and obligations of the parties pursuant to the policy of insurance issued by Allstate to Krzysztof and Dorota Mars.

WHEREFORE, it is respectfully requested that this Court issue an Order declaring and adjudging:

a. Allstate is not contractually obligated to provide insurance coverage under the Allstate Policy to M.M. in the Underlying Action;

b. Allstate is not contractually obligated to defend M.M. in the Underlying Action;

c. Allstate is not contractually obligated to continue to pay for legal costs for the defense of M.M. in the Underlying Action;

d. Counsel retained to defend M.M. in the Underlying Action can withdraw as counsel;

e. Allstate is not contractually obligated to indemnify M.M. in the Underlying Action; and

f. For such other and further relief as this Court deems just and proper.

Dated: Islandia, New York
March 2, 2020

Yours, etc.

LEWIS JOHS AVALLONE AVILES, LLP

_____
Karen M. Berberich, Esq.
**Attorneys for Plaintiffs**
One CA Plaza, Suite 225
Islandia, New York 11749
kmberberich@lewisjohs.com
Tel: (631) 755-0101
Fax: (631) 755-0117
LJAA File No.: 0186.2552